William W. Mercer
Hannah E. Tokerud
HOLLAND & HART LLP
401 North 31st Street, Suite 1500
Billings, MT  59101-1277
Telephone:  (406) 252-2166
Fax:  (406) 252-1669
Email:  wwmercer@hollandhart.com
        hetokerud@hollandhart.com

Mark S. Cheffo *(pro hac vice to be submitted)*
Hayden A. Coleman *(pro hac vice to be submitted)*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Email:  markcheffo@quinnemanuel.com
        haydencoleman@quinnemaneul.com

ATTORNEYS FOR DEFENDANTS PURDUE PHARMA, INC.,
PURDUE PHARMA L.P. AND THE PURDUE FREDERICK CO.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| STATE OF MONTANA | ) CV 18-33-H-SEH |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **PURDUE'S BRIEF IN SUPPORT** |
| | ) **OF MOTION TO STAY** |
| PURDUE PHARMA L.P., PURDUE | ) |
| PHARMA, INC., THE PURDUE | ) |
| FREDERICK COMPANY, AND | ) |
| JANE DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

---

Defendants Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company (together "Purdue"), respectfully submit this brief in support of their motion to stay.

This Court should enter a brief stay of this action while the Judicial Panel on Multidistrict Litigation ("JPML") determines whether to transfer this case to the multidistrict litigation, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 ("MDL 2804"), which is pending in the Northern District of Ohio.  This stay would also apply to extending Purdue's deadline to answer, move, or otherwise respond to the State's Amended Complaint until after the jurisdictional issues are resolved, or as otherwise ordered by the MDL Court in the event the case is transferred.

In numerous other cases—including cases where the State of Montana had moved for remand—Montana federal courts have stayed cases pending transfer to an MDL court in order to conserve "[j]udicial economy … and [because] … any prejudice suffered by the State of Montana as a result of a stay will be minimal." *State of Montana v. Merck & Co., Inc.*, No. CV 06-07-DWM (D. Mont. May 12, 2006), Dkt. 19 at 1-2 (Ex. A); *see also State of Montana v. Abbott Laboratories*, No. CV 02-09-H-DWM (D. Mont. June 21, 2002), Dkt. 83 (Ex. B); *see also Ballew et al. v. VW Credit*, No. CV 15-133-M-DLC (D. Mont. Nov. 6, 2015) at 2-4

(Ex. C). For similar reasons, dozens of federal courts elsewhere have stayed opioid-related cases to allow the JPML to decide whether cases should be transferred to MDL 2804.[1] Purdue respectfully urges this Court to do the same.

## BACKGROUND

This lawsuit is one of nearly 400 federal actions in which government entities and other plaintiffs allege that pharmaceutical companies, including Purdue, engaged in unfair or deceptive marketing practices related to their FDA-approved opioid medications.

On December 5, 2017, the JPML formed MDL 2804 and transferred 64 opioid-related actions to Judge Dan A. Polster of the Northern District of Ohio, pursuant to 28 U.S.C. § 1407. *See* Transfer Order, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (JPML Dec. 5, 2017), Dkt. 328. Since then, the JPML has transferred over 300 additional actions to MDL 2804, *see* Finalized Conditional Transfer Order, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, (N.D. Ohio Mar. 5, 2018 CTO-12), Dkt. 166, and more cases have been transferred directly from the Northern District of Ohio or conditionally transferred by the JPML. Counsel from the law firm that serves as the State's private contingency counsel in this case serves as Co-Lead Counsel for all plaintiffs in the MDL.

---

[1] *See infra* n. 2.

On November 30, 2017, the State filed this lawsuit in the Montana First Judicial District Court, Lewis and Clark County, and filed an Amended Complaint on January 30, 2018. [Dkt. 1-1.] On February 20, 2018, the State filed a motion for a preliminary injunction that revealed for the first time, that the State's claims implicated substantial federal questions that gave rise to federal jurisdiction. [Dkt. 1.] On February 28, 2018, Purdue timely removed this case to this Court. *Id.* On the same day, this case was identified to the JPML as related to the other actions pending in MDL 2804. Notice of Potential Tag-Along Actions, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (JPML Feb. 28, 2018), Dkt. 802. The JPML is anticipated to enter a Conditional Transfer Order for this case shortly.

On March 2, 2018, the State moved to remand this case to state court and on March 5, 2018, the State filed a motion for expedited briefing as to its motion. [Dkts. 5, 6, 7, 8.]² Purdue now moves for a temporary stay in this case in order to allow the JPML to decide whether this case should be transferred to MDL 2804.

## ARGUMENT

The essential purpose of 28 U.S.C. § 1407—the statute that authorizes the formation of an MDL—is to avoid "piecemeal litigation." *In re Food Lion, Inc., Fair Labor Standards Act Effective Scheduling Litig.*, 73 F.3d 528, 532 (4th Cir.

---

² Purdue will respond to the State's motion for expedited briefing separately.

3

1996). A brief stay pending a final decision by the JPML on whether to transfer this case to MDL 2804 fosters the purpose of the MDL statute to coordinate related litigation, and furthers fairness considerations.

A district court's authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). These factors all strongly favor a stay here.

I. **A BRIEF STAY WILL PROMOTE JUDICIAL ECONOMY BY PRESERVING THE RESOURCES OF THIS COURT AND AVOIDING INCONSISTENT RULINGS**

Courts within this District have stayed cases pending the JPML's determination whether to transfer a case to an existing MDL under highly analogous circumstances. For example, in *State of Montana v. Merck & Co.*, the State filed suit in Montana state court, alleging that Merck, engaged in false and misleading marketing of its prescription medication, Vioxx. Merck removed the case to this District and the State then moved to remand the case back to state

court.  Merck then "filed a motion to stay all proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation."  *Merck*, CV 06-07-H-DWM at 1 (Ex. A).  The State also "requested expedited consideration of its motion to remand."  *Id.*  The court granted Merck's motion for a stay and denied the State's motion to expedite.  *Id.* at 2.

The court reasoned that "[e]xperience and case law support deference to the Judicial Panel."  *Id.* at 1.  It elaborated that a stay would further judicial economy, that any prejudice to the State would be minimal, and that a pending remand motion is not a sufficient reason to deny a stay:

> While the case may address state law and this Court may have the liberty to rule on the motion to remand before a decision by the Judicial Panel, the Court must consider the staggering number of cases involving Merck that are now before the United States District Court for the Eastern District of Louisiana as part of MDL Proceeding No. 1657.  *See In re Vioxx Prods. Liability Litigation*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005) (the Judicial Panel consolidated 148 actions in 48 federal districts to the transferee court where the judge has experience in complex multidistrict liability litigation).  Judicial economy dictates this Court follow suit.  Any prejudice suffered by the State of Montana as a result of a stay will be minimal.  *See Rivers v. Walt Disney Co.*, 908 F. Supp. 1358 (C.D. Cal. 1997).  Notably, the Judicial Panel stated, "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion."  *In re Vioxx Prods. Liability Litigation*, 360 F. Supp. 2d at 1354.  This Court will stay the motion to remand pending a "tag-along" determination by the Judicial Panel.

*Id.* at 1-2.

Similarly, in *State of Montana v. Abbott Laboratories*, an alleged price-fixing case against multiple companies, defendants moved to stay the case, including a decision on the State's motion to remand, pending the JPML's decision to transfer the case to an MDL. CV 02-09-DWM, Dkt. 83, at 2 (Ex. B). The court granted defendants' motion and held that "a stay pending the Panel's final decision on transfer is the best course of action," because "the benefit of judicial economy and consistency among pretrial rulings outweighs any prejudice plaintiff may suffer as a result of the stay." *Id*. at 3.

Likewise, in *Ballew et al. v. VW Credit*, a case involving alleged defects in certain Volkswagen and Audi cars, the court granted a stay and deferred ruling on plaintiffs' pending motion for a preliminary injunction while the JPML Panel considered whether to transfer the case to a single coordinated MDL proceeding. CV 15-133, at 1 (Ex. C). The court found that "issuing a temporary stay . . . would promote judicial efficiency" "prevent inconsistent rulings," "conserve the resources of the parties . . . [and] promote the conservation of this Court's resources" given the numerous motions pending before the court and anticipated transfer to the MDL. *Id*. at 2-3.

As with these decisions, other courts around the country, including within the Ninth Circuit, "***frequently grant stays*** pending a decision by the MDL Panel" regarding whether to transfer a case. *Good v. Prudential Ins. Co. of America*, 5

F.Supp.2d 804, 809 (N.D. Cal. 2007*).* "[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at 1362; *see also Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009).

This Court should likewise grant Purdue's motion for a stay to allow the JPML to decide whether this case should be coordinated with the other cases in MDL 2804. "[J]udicial economy and consistency will be best served by a stay in this case, pending transfer decision by the Judicial Panel on Multi-District Litigation. The case involves similar issues of fact and law as those being transferred to the MDL." *McCrerey v. Merck & Co.*, 2005 WL 6124182, at *3 (S.D. Cal. Mar. 3, 2005); *see also Ballew*, No. 15-cv-133-M-DLC at 2-4 (Ex. C).

Consistent with *Merck, Abbott*, and *Ballew*, dozens of courts around the country have stayed opioid-related lawsuits that were subject to potential transfer to MDL 2804.[3] In the likely event that the JPML transfers this case to MDL 2804,

---

[3] *See, e.g.*, *County of Wayne v. Purdue Pharma L.P.*, No. 17-cv-13334, Dkt. # 29 (E.D. Mich. Nov. 15, 2017); *Lewis v. Purdue Pharma, L.P.*, No. 5:17-cv-5118, Dkt. # 57 (W.D. Ark. Oct. 25, 2017); *City of Lorain v. Purdue Pharma, L.P.*, No. 1:17-cv-01639, Dkt. # 66 (N.D. Ohio Oct. 27, 2017); *County of Knott v. Purdue Pharma L.P.*, No. 7:18-cv-00006-GFVT, Dkt. #12 (E.D. Ky. Jan. 31, 2018); *Anderson Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00070, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Bell Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00246, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *Boyd Cty. v.*

7

continued proceedings here in this Court would result in duplicative and potentially wasteful work by the Court and parties.  As the court in *Rivers* recognized, a stay would conserve judicial resources because "if this case is consolidated … this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge."  980 F. Supp. at 1360.  "[T]here is a great deal of this Court's time and energy that could be saved by

---

*AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00104, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *Boone Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00157, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Boyle Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00367, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Campbell Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00167, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Clay Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00255, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *Fleming Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00368, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Franklin Cty.  v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00071, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Garrard Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00369, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Greenup Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00105, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *Harlan Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00247, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Henry Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00073, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Knox Cty., on Behalf of Knox Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00248, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Leslie Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00249, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Lincoln Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00370, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Madison Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00371, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Nicholas Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00373, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Pendleton Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00070, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *Shelby Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00072, slip op. at *1 (E.D. Ky. Nov. 2, 2017);  *Whitley Cty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00250, slip op. at *1 (E.D. Ky. Oct. 27, 2017).

staying the instant case pending the MDL Panel decision." *Id.* at 1361; *see also Fuller*, 2009 WL 2390358, at *2.

## II. A STAY IS APPROPRIATE DESPITE THE STATE'S MOTION TO REMAND

As in *Merck* and *Abbott*, courts commonly find that a stay is appropriate even in cases, as here, where the plaintiff has challenged federal subject matter jurisdiction by filing a remand motion. The MDL Panel routinely transfers actions where remand motions are pending finding, *inter alia*, that "jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge." *In re C.R. Bard, Inc.*, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001).

Furthermore, "[w]here a motion to remand and motion to stay are pending, courts have held that 'deference to the MDL court for resolution of a motion to remand often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" *Little v. Pfizer, Inc.*, 2014 WL 1569425, at *2 (N.D. Cal. Apr. 18, 2014) (citation omitted). As such, "courts have repeatedly noted that the 'general rule is for federal courts to defer

9

ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case.'" *Id.* at *3 (citation omitted).[4]

Several other cases that are already in MDL 2804 have motions to remand pending[5] and at least one other case that is currently subject to a Conditional Transfer Order was removed on federal question grounds.[6] Furthermore, given the volume of similar opioid-related cases, the State's motion to remand "raises issues likely to arise in other actions in the transferee district should transfer be ordered." *Abbott*, CV 02-09-DWM, Dkt. 83, at 2 (Ex. B).

Deference to the MDL transferee court regarding the resolution of such jurisdictional issues is thus appropriate in the interests of judicial efficiency and to avoid inconsistent pretrial rulings. *See North*, 2005 WL 2921638, at *1. *Ballew v.*

---

[4] "Although some courts have opted to rule on pending motions to remand prior to the MDL Panel's decision on transfer … many more"—including courts within the Ninth Circuit and in this District—"have chosen to grant a stay, even if a motion to remand has been filed." *Floyd v. Merck & Co., Inc.*, 2005 WL 3008641, at *1 (W.D. Tenn. 2005) (citing cases); *see also Merck*, CV-06-07, at 1-2 (Ex. A); *Abbott*, CV 02-09-H, at 2-3 (Ex. B).

[5] Notice of Removal, *City of Seattle v. Purdue Pharma L.P.*, No. 2:17-cv-01577-TSZ (WD Wash. Oct. 24, 2017), Doc. 1; Notice of Removal, *Richland Cnty. Children's Services v. Purdue Pharma L.P.*, No. 1:17-cv-02185 (N.D. Ohio Oct. 16, 2017), Doc. 1; Notice of Removal, *Cnty. of Mora v. Purdue Pharma L.P.*, No. 1:17-cv-01044 (D.N.M. Oct. 16, 2017), Doc. 1; Notice of Removal, *Scott Cnty., Ind. v. Purdue Pharma L.P.*, No. 4:17-CV-00193-RLY-DML (S.D. Ind. Oct. 11, 2017), Doc. 1; Defs' Opp. to Pls' Remand Mot., *City of Lorain v. Purdue Pharma L.P.*, No. 1:17-CV01639- DAP (N.D. Ohio Sept. 14, 2017), Dkt. 34.

[6] *See, e.g.*, Notice for Removal, *City of Paterson v. Purdue Pharma L.P., et al.* No. 17-cv-13433 (D.N.J. Dec. 20, 2017), Dkt. 1.

*VW Credit* is especially applicable. In *Ballew*, the court found that a stay pending possible transfer to an MDL was appropriate because it "would help … prevent inconsistent rulings." CV 15-133-DLC, Dkt. 22, 2. Although the court "acknowledge[d] that, at this point in time, Plaintiff's action may be the only claim in the country" that sought a specific type of injunctive relief, similar lawsuits against the defendant "are being filed daily." *Id*. Accordingly, the court held that "[i]t is very possible that actions similar to Plaintiff's request …will be filed soon" and thus, a stay pending the JPML's decision was "prudent . . . to ensure that [relevant] rulings . . . are consistent and uniform." *Id*. at 3.

Consistent with *Ballew*, all current and anticipated jurisdictional issues "would be best decided by the MDL Court." *Fitzgerald v. Merck & Co., Inc.*, 2007 WL 203952, at *1 (D. Nev. Jan. 24, 2007); *see also Beatty v. Merck & Co., Inc.*, 2006 WL 2943090, at *1 (E.D. Cal. Oct. 13, 2006); *Fowler*, 2008 WL. 11336192, at *2.

The Second Circuit's decision in *In re Ivy* is also instructive. In *Ivy*, the defendant removed a case to federal court and sought to have the case coordinated with an MDL. 901 F.2d at 8. The plaintiff moved to remand. *Id*. The district court declined to rule on the remand motion, deferring to the JPML's decision on whether to coordinate the cases. *Id*. Though the plaintiff argued that removal was improper because federal courts lacked subject matter jurisdiction, the Second

11

Circuit held that the JPML's decision to coordinate the cases was proper. *Id*. at 9. The Second Circuit further explained that deference to an MDL transferee court regarding the resolution of jurisdictional issues is appropriate in the interests of "efficiency" and "consistency":

> The jurisdictional issue in question is *easily capable* of arising in hundreds . . . of cases in district courts throughout the nation. . . . Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served.

*Id*. (emphasis added); *see also Harris v. Biomet, Inc*., 2013 WL 7017684, at *1 (M.D. Fla. Nov. 19, 2013). The same analysis supports a stay here.

### III. ANY PREJUDICE TO THE STATE WOULD BE MINIMAL AND OUTWEIGHED BY INTERESTS OF JUDICIAL ECONOMY AND RISKS OF INCONSISTENT DECISIONS

In light of the risk of judicial inefficiencies and inconsistent pretrial rulings, any prejudice to the State would be minimal and would be outweighed by the interests of judicial economy. A stay would be brief and the jurisdictional issues raised in the State's remand motion can be decided by the MDL court. *See In re Ivy*, 901 F.2d 7, 8-9 (2d Cir. 1990). "[E]ven if a temporary stay could be characterized as a delay that would be prejudicial to [the non-movant], there are still considerations of judicial economy that outweigh any prejudice to [the non-movant]." *Rivers*, 980 F. Supp. at 1362 n.5; *see also Fowler v. Hamilton Med.*

12

*Ctr., Inc.*, 2008 WL 11336192, at *2 (N.D. Ga. May 7, 2008); *Lyman*, 2007 WL 2972926, at *2-3.

Although the MDL court has placed a temporary moratorium on remand motions at this time, that is only because the MDL court is focused on working with the parties and other relevant stakeholders to explore a possible global resolution of all opioid-related cases around the country. Minutes of Pretrial Conference, *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804 (N.D. Ohio Jan. 11, 2018), Dkt. 70 at 1 (explaining that the purpose of the moratorium is to "focus everyone's present efforts on abatement and remediation of the opioid crisis rather than pointing fingers and litigating legal issues."). Far from allowing cases to "languish" in the MDL, the MDL court has put a process in place to diligently work towards a global resolution of these cases in 2018, if possible. Furthermore, the law firm that serves as the State's private contingency counsel in this case also serves as Co-Lead Counsel for plaintiff in the MDL, is involved in these resolution discussions, and previously expressed their commitment to the MDL court's process and efforts to resolve all opiate related cases on a global scale.

Additionally, in the event that some type of swift resolution is not possible, the moratorium will be lifted and litigation will resume. "[U]pon lifting the moratorium … the parties shall be allowed to file motions to remand." *See* Order Regarding Remands, *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804-

DAP (N.D. Ohio Feb. 16, 2018), Dkt. 130. Further, even though the State's "motion to remand will likely be delayed as a result of the stay and any MDL transfer … such delay does not constitute prejudice sufficient to outweigh the efficiency gains of staying this action." *Alanis v. Pfizer, Inc.*, 2014 WL 1711702, at *3 (E.D. Cal. 2014).

## CONCLUSION

For the foregoing reasons, Purdue respectfully requests that this Court stay all proceedings in this matter pending a final decision from the JPML on whether to transfer this case to MDL 2804.

Dated this day of March 5, 2018.

> */s/ William W. Mercer*
> William W. Mercer
> Holland & Hart LLP

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the Purdue Defendants Brief in Support of Motion for Stay complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman Font typeface consisting of fourteen characters per inch. The total word count is 3,624 words or fewer, excluding caption, certificate of compliance and service. The undersigned relies on the word count of the word processing system used to prepare this document.

          /s/ William W. Mercer

# CERTIFICATE OF SERVICE
## L.R. 5.2(B)

I hereby certify that, on the 5th day of March, 2018, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2, 3, 4</u>  CM/ECF
_____  Hand Delivery
<u>    5    </u>  Mail
_____  Overnight Delivery Service
_____  Fax
_____  E-Mail

1. Clerk, U.S. District Court

2. Timothy C. Fox
   Montana Attorney General
   Dale Schowengerdt, Solicitor General
   Matthew T. Cochenour, Assistant Attorney General
   215 N. Sanders
   P.O. Box 201401
   Helena, MT  59620-1401

3. Mark W. Mattioli, Bureau Chief
   Kelley L. Hubbard, Assistant Attorney General
   Chuck R. Munson, Assistant Attorney General
   Office of Consumer Protection
   555 Fuller Avenue
   P.O. Box 200151
   Helena, MT  59620-0151

4. William A. Rossbach
   Special Assistant Attorney General
   Rossbach Law, PC
   401 N. Washington Street
   P.O. Box 8988
   Missoula, MT  59807

5. Linda Singer
    Special Assistant Attorney General
    Jeffrey Nelson
    Special Assistant Attorney General
    David Benner
    Special Assistant Attorney General
    Motley Rice LLC
    401 9th Street NW, Suite 1001
    Washington, D.C. 20004

                                 */s/ William W. Mercer*
                                        Holland & Hart LLP

10745248_1